(C.D. 2583)

JOHN J. ATKINSON *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 21, 1965)

*John J. Atkinson* for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before WILSON and NICHOLS, Judges; OLIVER, J., not participating

NICHOLS, Judge: This case involves the importation of certain photographic films, entered at Denver, Colo., on September 13, 1962, and assessed with duty at nine-tenths of 1 cent per linear foot, as film, under paragraph 1551, Tariff Act of 1930, as modified. Plaintiff filed timely protest, claiming the imported reels of film are "photographs" within the meaning of that term in paragraph 1631 of the Tariff Act of 1930 and that the other specifications of that paragraph are met.

Upon the trial, plaintiff introduced no witnesses and offered no exhibits in evidence, but instead relied on an agreement on the facts concluded with Government's counsel just prior to the hearing. At the conclusion of the trial, after the case had been submitted, the hearing judge requested the parties to formalize their agreement with respect to the facts to be stipulated (R. 8). The stipulation was thereafter duly filed with the court and reads as follows:

Comes now the above parties by and through their attorneys of record, and stipulate in the following particulars, to wit;

1. That the owner of the imported film, and for whose account entry was made, was and is the University of Colorado, of Boulder, Colorado.

2. That said owner is an educational institution, and said films were imported and so used solely for use in education, culture, and encouragement of the fine arts, were not intended and have not been sold.

3. That the film at issue is in fact 37 reels of 16 MM positive motion picture film, depicting the habits of the Australian Aborigine Indians.

The entry papers describe these "Indians" as "Central Australian Aborigines."

Based on these facts, plaintiff contended, at trial and in its brief, that the involved merchandise is classifiable under paragraph 1631 as "photographs," as that term had been judicially construed in *American College of Surgeons* v. *United States*, 53 Treas. Dec. 896, Abstract 5258.

The Summary of Tariff Information (1929), page 2227, which lay before the Congress during consideration of the 1930 act, refers to

the cited case, and there can be no doubt that the Congress intended to ratify it. *August Bentkamp* v. *United States*, 40 CCPA 70, C.A.D. 500. The Summary of Tariff Information (1948), volume 16, page 210, indicates that motion-picture films have consistently been treated as "photographs" under paragraph 1631, when they qualify otherwise.

Public Law 85–458, T.D. 54631, established a broader exemption under paragraph 1631, but it was applicable by its own terms only for merchandise entered before the importation at bar and is, therefore, not germane. The Treasury has not construed it as indicating an intent to narrow in any way the exemptions accorded by the permanent part of paragraph 1631, T.D. 54631, *supra*.

We hold that the plaintiff has satisfied all the statutory conditions for free entry under paragraph 1631(a), Tariff Act of 1930, as amended, and, therefore, the protest is sustained and judgment will be rendered accordingly.